IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | | |
|---|---|---|
| BUSSON DIGITAL PRINTING, INC. | ) | CASE NO. 09-54018 |
| | ) | |
| Debtor | ) | ADVERSARY NO. _____ |
| | ) | |
| MICHAEL J. MORAN, LITIGATION TRUSTEE | ) | IN PROCEEDINGS UNDER CHAPTER 11 |
| 234 Portage Trail | ) | JUDGE MARILYN SHEA-STONUM |
| Cuyahoga Falls, OH 44221 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| CHASE | ) | |
| Attn: Officer | ) | |
| P.O. Box 15153 | ) | |
| Wilmington, DE 19886 | ) | TYPE: PREFERENCE RECOVERY; |
| | ) | FRAUDULENT TRANSFER |
| Defendant | ) | AVOIDANCE |

Now comes Michael J. Moran, Litigation Trustee, and, for his claims for relief against the defendant, states as follows:

### I - GENERAL BACKGROUND

1. On the 7th day of September, 2009, Busson Digital Printing, Inc. (hereinafter the "debtor") filed a voluntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

2. On the 6th day of March, 2010, the debtor filed its plan of reorganization and, on the 15th day of March, 2010, the said debtor filed an amended plan of reorganization which was thereafter technically amended.

3. On the 16th day of September, 2010, the United States Bankruptcy Court for the Northern District of Ohio Eastern Division at Akron entered its order confirming the plan.

4. The plan provides, in relevant part, for the appointment of a litigation trustee to review all transfers from the debtor to any and all transferees which may avoidable pursuant to sections 542 through 549 of the United States Bankruptcy Code. The transfers relate to the debtor's receipt and transfer to various entities of approximately $1,000,000 received in June, 2009.

5. Pursuant to the plan and the order confirming plan, the debtor did request the appointment of Michael J. Moran as litigation trustee and this court did enter its order approving the appointment of Michael J. Moran as litigation trustee. As of the effective date of the plan, the litigation trustee has the authority and standing, on behalf of the debtor and its estate, to initiate any causes of action, including avoidance actions in the name of and on behalf of the debtor and its estate.

## II - JURISDICTION AND VENUE

6. This court has jurisdiction over the within adversary proceeding pursuant to 28 USC section 157(a) and 1334(b) and the terms of the plan and the confirmation order.

7. This adversary proceeding constitutes a core proceeding within the meaning of the United States Bankruptcy Code including 28 USC section 157(b)(2)(F) and (H).

8. Venue in this court is proper pursuant to 28 USC section 1409(a).

## III - PARTIES

9. The plaintiff, Michael J. Moran, Litigation Trustee, is the duly appointed, qualified, and acting litigation trustee for the debtor and its estate, having been appointed litigation trustee by order of the United States Bankruptcy Court at the request of the debtor entered on the 21st day of December, 2010.

10. The defendant, Sun Chemical, is an entity engaged in business who was the recipient of one or more transfers of an interest of the debtor in property.

## IV - FIRST CLAIM FOR RELIEF

11. That, on or about the 2nd day of July, 2009, the defendant was transferred an interest of the debtor in property.

12. That the transfer was by way of negotiable instrument and was in the amount of $10,000.00.

13. That such transfer or transfers were to or for the benefit of said defendant who was a creditor of the debtor at the time of said transfer.

14. That such transfer was for or on account of an antecedent debt owed by the debtor before such transfer was made.

15. That such transfer was made while the debtor was insolvent.

16. That such transfer was made on or within 90 days before the date of the filing of the petition.

17. That such transfer enabled said creditor, the defendant herein, to receive more than such creditor would receive if the case were a case under Chapter 7 of this Title, the transfer had not been made, and such creditor received payment such debt to the extent provided by the provisions of this Title.

## V - SECOND CLAIM FOR RELIEF

18. That, in the alternative, the defendant received a transfer of an interest of the debtor in property on or within two years before the date of the filing of the petition by voluntary or involuntary transfer from the debtor.

19. That such transfer was made with actual intent to hinder, delay, or defraud entities to which the debtor was indebted on the date of such transfer or, alternatively, that the debtor received less than a reasonably equivalent value in exchange for such transfer and the debtor was insolvent on the date that such transfer was made or became insolvent as a result of such transfer.

WHEREFORE, plaintiff prays judgment against the defendant in the amount of $10,000.00 plus the costs of this action, and for such other and further relief as is just and proper.

GIBSON & LOWRY

/s/ Michael J. Moran
Michael J. Moran      (#0018869
Litigation Trustee
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44222
(330) 929-0507
(330) 929-6605 - Fax
moranecf@yahoo.com